**Jaswant SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURAL-IZATION SERVICE; et al.,
Respondents.**

No. 03–70190.
Agency No. A74–802–365.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 2004.*

Decided June 4, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Anna A. Darbinian, Asherson, Klein & Darninian, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Alison Marie Igoe, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Jaswant Singh petitions for review of the decision of the Board of Immigration Appeals ("BIA") which affirmed the Immigration Judge's ("IJ") denial of his application for political asylum. We grant the petition for review and remand to the BIA for further consideration.

■ Singh claimed persecution on the basis of his Sikh religion and imputed political opinion. He described in his declaration and in his testimony at his hearings frequent visits to his family's farm by Sikh militants. The family provided food, shelter and money because the militants were armed. After the Indian police learned through informants that Singh's family was helping the Sikh militants, they arrested Singh and his father in December 1995, beat them with batons and leather straps and told them "Now I will teach you to stop your religious activities." Singh's uncle, the village mayor, obtained their release after three days, but the police officer warned "I am not finished with you as yet."

On December 27, the Sikh militants came to Singh's house and beat him and his father, claiming they had gone to the police. They shot Singh's father, who was dead when Singh and his uncle brought him to the hospital. Singh reported the death to the police, who said it was a good thing if Sikhs killed each other. More visits from the militants followed.

One night, during a gun battle, two Sikh militants entered Singh's house; one escaped, but the other was arrested, with Singh, by the police. At the station the police hung Singh upside down and beat him until he fainted, and then the police officer from his first arrest came and stabbed him twice in the leg. Singh's wound was treated and he was left alone for two days, and then the police returned and tortured him for a week.

Singh's uncle again bought Singh's release and Singh fled to Delhi, where he left for Mexico. He stayed in Mexico for three months before entering the United States.

The IJ concluded that Singh's testimony was not credible, and the BIA affirmed the IJ's decision without opinion. We therefore review the IJ's decision as if it were the BIA's, *see Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003), affirming a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

negative credibility finding if it is supported by substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). "[T]he IJ must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief. Any such reason must be substantial and bear a legitimate nexus to the finding." *Id.* (citations and quotations omitted).

The IJ identified a number of inconsistencies in Singh's written and oral testimony. Many of the IJ's conclusions were simply incorrect. It was consistent for Singh to state in his declaration that informers told the police of the militants' visits and then to testify that he did not know who had informed. It was not inconsistent to state in his declaration that he was beaten with batons, and in his oral testimony that he was beaten with sticks and batons; "stick" is a synonym of "baton." Singh's statement that his father was dead when he and his uncle arrived at the hospital was not contradicted by any other part of his testimony, and the death certificate explicitly states that it is issued under a provision that does not allow specification of the cause of death. Further, the IJ did not explain how Singh's testimony that two policemen were killed in the shootout with the militants is inconsistent with any other part of his testimony.

The IJ also concluded that Singh testified inconsistently about the number of visits made by Sikh militants to Singh's home. Singh stated in the declaration that the visits were frequent events, but testified orally that there were only a few visits. Rather than dismissing all the testimony as not credible, however, the IJ stated that he believed Singh's family provided food and shelter for the commandos "on a regular basis." The IJ also found "incredible" Singh's testimony that during his second arrest he was stabbed twice in

the leg, because Singh had a single continuous wound. The IJ, however, did not deny that Singh had been stabbed at least once, and whether there were one or two stabbings is not a significant inconsistency. We conclude that these are not "valid grounds upon which to base a finding that the applicant is not credible," *Arulampalam v. Ashcroft*, 353 F.3d 679, 685 (9th Cir.2003) (quotations omitted), and the adverse credibility finding is not supported by substantial evidence. *See id.* at 689.

The IJ's alternative holding was that even crediting all Singh's testimony, Singh was not persecuted but "was arrested along with his father because they were actually engaged in aiding and abetting Sikh militants." This is speculation. There is no evidence that Singh was charged with or convicted of collaboration, and "[t]orture in the absence of any legitimate criminal persecution, conducted at least in part on account of political opinion, provides a proper basis for asylum and withholding of deportation even if the torture served intelligence gathering purposes." *Id.* at 685 n. 4 (quotations omitted). The conclusion that even if his testimony was credible the torture was not persecution is not supported by substantial evidence. *See Singh v. Ashcroft*, 362 F.3d 1164, 1170 (9th Cir.2004) ("If Singh was actually subjected to beatings and torture at the hands of the Indian police for his believed association with militant Sikh separatists, he is presumptively eligible for asylum and an exercise of discretion by the Attorney General.").

We therefore grant Singh's petition for review. Because the IJ addressed the merits of Singh's application, we are not required to remand for a determination whether he suffered past persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1204 (9th Cir.2004). Because we have determined that Singh's credible testimony was sub-

stantial evidence that he was persecuted based on his perceived political opinion (his support for the militant Sikhs), "he is presumed to have a well-founded fear of future persecution on account of his [political] beliefs if he is forced to return" to India. *Id.*

"The burden then shifts to the INS to show by a preponderance of the evidence that country conditions have changed to such an extent that the petitioner no longer has a well-founded fear that he would be persecuted if he were to return." *Id.* (quotations omitted). We have recently held that where the agency does not provide an "individualized analysis of how changed conditions will affect the specific petitioner's situation," a mere conclusory determination that country conditions have changed is not sufficient to rebut the presumption of a well-founded fear of persecution. *See Lopez v. Ashcroft,* 366 F.3d 799, 805 (9th Cir.2004) (quotations omitted). The IJ made a brief, vague and conclusory determination that the situation in the Punjab had changed sufficiently to rebut the presumption, without citing to or considering all the evidence in the record. We therefore remand the issue of changed country conditions to the BIA for an individualized determination of changed country conditions following further proceedings. *See id.* at 806.

Singh's motion to accept a supplemental brief filed out of time and his motion requesting oral argument are DENIED.

PETITION FOR REVIEW GRANTED AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.